# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GNC CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-2479-BAS-BLM<br><br>**ORDER GRANTING PARTIES JOINT MOTION TO DISMISS (ECF No. 61)** |

　　　Before the Court is the parties' joint motion to dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). (Mot., ECF No. 61.) Plaintiff American GNC Corporation brought this patent-infringement action against Defendant Honeywell International Inc. on December 21, 2020. (Compl., ECF No. 1.) Plaintiff filed its operative Amended Complaint on May 24, 2021. (Am. Compl., ECF No. 29.) Defendant filed its Answer on June 28, 2021, in which it counter-claimed for declaratory judgments of patent invalidity respecting the patents-in-suit. (Answer, ECF No. 33.)

　　　On January 31, 2022, after an extended stay in the above-captioned action, the parties jointly moved to dismiss after reaching a settlement agreement. (*See* Joint Mot., ECF No. 61.) By their Joint Motion, the parties seek dismissal of this matter in its entirety pursuant to Rule 41(a)(2). Specifically, they seek dismissal of Plaintiff's patent

infringement claims against Defendant with prejudice, and dismissal of Defendant's counterclaims for declaratory judgment without prejudice.

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt[.]" *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing, *inter alia*, *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *Blue Mountain Constr. Corp. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959), *cert. denied*, 361 U.S. 931 (1960)). "A district court should grant a motion for dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (2001) (footnote omitted). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). A defendant is not said to suffer "legal prejudice" from: (1) "[u]ncertainty because a dispute remains unresolved" or the "threat of future litigation"; (2) the inconvenience of having to defend itself in a different forum; or (3) a plaintiff gaining a tactical advantage through dismissal. *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145).

Because neither Plaintiff nor Defendant identifies any legal prejudice that might result from dismissal of this action with prejudice, nor does the Court find any legal prejudice apparent, the Court **GRANTS** the Joint Motion. Accordingly, it dismisses with prejudice Plaintiff's claims of patent infringement in its Amended Complaint and dismisses without prejudice Defendant's counterclaims for declaratory judgments of invalidity respecting certain patents-in-suit prejudice. (ECF No. 61.) The clerk of court shall close this case.

**IT IS SO ORDERED.**

**DATED: February 2, 2022**

Hon. Cynthia Bashant
United States District Judge